# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRANDON MOUNCE,

        Plaintiff,

vs.

        Case No. 16-1026-JTM-KGG

HUTCHINSON REGIONAL
MEDICAL CENTER, *et al.*,

        Defendant.

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND
## REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with his federal court Complaint alleging patient discrimination, violations of patient privilege, and medical malpractice. (Doc. 1), Plaintiff Brandon Mounce has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-2, sealed). Having reviewed Plaintiff's motion, as well as his financial affidavit and Complaint, the Court **GRANTS** Plaintiff's motion for *IFP* status but **recommends** Plaintiff's claims be dismissed for failure to state a viable federal cause of action.

**I.    Motion to Proceed Without Prepayment of Fees.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of

an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 38 years old and divorced, with no dependents. (Doc. 3-2, sealed, at 2.) Plaintiff is currently unemployed and is incarcerated at the Reno County Jail. (Doc. 3-1, sealed, at 2.) lists no income from other sources, such as unemployment or welfare. (Doc. 3-2, sealed, at 2-3.) He does not own real property and does not own an automobile. (*Id*., at 2-3.) He lists no mortgage or rent payment and indicates he has no monthly expenses. (*Id*., at 3.) He has no cash on hand or bank accounts. (Doc. 3-1, sealed,

at 2.) He has never filed for bankruptcy. (Doc. 3-2, sealed, at 4.)

Considering all of the information contained in the financial affidavit, Plaintiff has no monthly income and no financial means with which to pay a filing fee. The Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

**II.     Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar

language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir. 2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir. 1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim

showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff alleges that Defendants discriminated against him as a patient by "deny[ing] [him] adequate medical care and disregard[ing] the psychiatric medical needs of the plaintiff, due to the plaintiff being classified as a 'drug abuser.'" (Doc. 1, at 3.) He also raises a claim for "violation of patient privilege," contending that Defendants breached his "confidential medical information . . . by releasing private and privileged information to the Hutchinson Police Department without a warrant, or without following proper procedure, and without the concent [sic] of the plaintiff." (*Id.*) Finally, Plaintiff brings a claim for "patient endangerment," which constitutes a claim for medical malpractice. (*Id.*, at 3-4.)

Simply stated, the Court cannot glean a comprehensible cause of action upon which relief may be granted from the facts alleged in Plaintiff's Complaint. The Court is unaware of a federal claim for "patient discrimination" that may be brought against such private medical care providers under the facts alleged by

Plaintiff. Also, there is no private cause of action under HIPAA for a violation of a patient's right to medical privacy. *See **University of Colo. Hosp. Auth. v. Denver Publishing Co.***, 340 F.Supp.2d 1142, 1144-46 (D. Colo. 2004). While Plaintiff may have a viable state court claim for medical malpractice, there is no federal court jurisdiction for such a cause of action absent supplemental jurisdiction through a viable federal cause of action. Based on the information presented in his Complaint, Plaintiff has not plead a viable federal court cause of action.

The Court finds that Plaintiff has failed to state a claim on which relief may be granted, requiring a recommendation to the District Court of Plaintiff's claims pursuant to 28 U.S.C. §1915(e)(2). This Court **recommends** to the District Court that the case be **DISMISSED**.


**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 3) is **GRANTED**.

**IT IS RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** for the failure to state a claim on which relief may be granted. The Clerk's office shall not proceed to issue summons in this case at the present time.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall

be sent to Plaintiff *via* certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 1st day of February, 2016.

      S/ KENNETH G. GALE
      KENNETH G. GALE
      United States Magistrate Judge