IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRANDON MOUNCE,

    Plaintiff,

v.                                   Case No. 6:16-cv-01026-JTM

HUTCHINSON REGIONAL MEDICAL
CENTER; JEREMY TAN, M.D.; SELIM
AHMED, M.D.; RICHARD PRICE, D.O.;
and JENNIFER L. STICKEN, P.A.,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on a Report and Recommendation (Dkt. 6) from U.S. Magistrate Judge Kenneth G. Gale, and on plaintiff Brandon Mounce's objection to the Report. (Dkt. 7).

The first count of plaintiff's complaint alleges that the defendants violated his civil rights by engaging in "patient discrimination," in that they denied him adequate medical care and disregarded his psychiatric needs because they "classified [him] as a 'drug abuser.'" Dkt. 1 at 3. Count two alleges that the defendants violated "patient privilege" by releasing confidential medical information to the Hutchinson Police Department. Count three alleges that defendants put him in danger by ignoring his psychological needs. *Id*. at 4. He does not claim actual damages for these alleged acts, but seeks $5 million in punitive damages. *Id*.

Judge Gale recommended that the complaint be dismissed for failure to plead a viable federal cause of action. Dkt. 6 at 7. In response to that recommendation, plaintiff outlines the facts underlying his claims. Dkt. 7. According to plaintiff, on July 7, 2014, at 6:15 a.m., first responders transported plaintiff to the emergency room of the Hutchinson Regional Medical Center, based on a belief that plaintiff was under the influence of methamphetamine and was "seeing people that were not there." The medical staff in the emergency room confirmed that plaintiff was suffering from acute methamphetamine intoxication. He was then transferred to the hospital's intensive care unit. Plaintiff contends the attending doctors asked him if he was having hallucinations, which he denied, but documentation shows that he was in fact hallucinating, and he alleges the doctors did not place him on the psychiatric floor and otherwise treated him differently because they believed he "was just another 'drug abuser.'" Dkt. 7 at 3. The alleged release of his confidential medical information is not further explained, although he argues that he had an expectation of privacy in that information.

As Judge Gale explained, the allegation that private medical providers failed to provide proper care to plaintiff because they believed he was a drug abuser fails to state any claim upon which relief can be granted under federal law. As he also explained, plaintiff's allegation about the disclosure of his medical information to the police does not state a claim because the federal Health Insurance Portability and Accountability Act (HIPPA) does not create a private civil cause of action. *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006). Finally, plaintiff's allegation that he was provided improper medical care, if proven, might form the basis of a claim under the law of Kansas, but it

2

states no viable federal claim and provides no jurisdictional basis for this court to decide the claim.

**IT IS THEREFORE ORDERED** this 22nd day of February, 2016, that plaintiff's objection (Dkt. 7) is DENIED; the Report and Recommendation (Dkt. 6) by Judge Gale is ADOPTED; and the action is hereby DISMISSED.

____s/ J. Thomas Marten_____<br>
J. THOMAS MARTEN, JUDGE